# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DARLENE C. AMRHEIN §
§ Civil Action No. 4:16-CV-223
v. § (Judge Mazzant/Judge Nowak)
§
UNITED STATES OF AMERICA, ET AL. §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Recuse & Mandatory Disqualifications of Judges Amos Mazzant III & Magistrate Christine Nowak for Timely "Good Cause Reasons" & to Stay this Lawsuit ("Motion to Recuse") (Dkt. #18). Having considered the relevant pleadings, the Court finds Plaintiff's Motion to Recuse (Dkt. #18) should be denied.

Plaintiff filed the Motion to Recuse on August 8, 2017, seeking to recuse the Court[1] under 28 U.S.C. § 455 and various Texas statutes (*see* Dkt. #18). Construing the Motion to Recuse liberally, the Court discerns *pro se* Plaintiff alleges four bases for recusal: (1) the Court withheld service in this case pending judicial screening under 28 U.S.C. § 1915(e); (2) the Court previously dismissed another, similar case Plaintiff has brought before the Court; (3) the Court has once warned Plaintiff in another case that repeated filings in a closed case may result in sanctions; and (4) the Court's decisions in this matter are motivated not by the law but by the Court's "favor[] for friends" who appear as Defendants in this matter, namely "Defendant Attorney General Paxton" (Dkt. #18 at 2, 3, 5, 13-14).

As an initial matter, the Court notes none of the Texas statutes and/or Rules of Civil Procedure Plaintiff cites governs recusal of federal judges. *See, e.g.*, Tex. Gov't Code § 74.059

---
[1] Specifically, Plaintiff seeks recusal of the undersigned and the United States Magistrate Judge assigned to this case. The Court refers hereinafter and collectively to both judges as the "Court."

(governing powers and duties of Texas district, statutory probate and statutory county court judges); *id.* § 25.00255 (governing recusal of Texas state statutory probate court judges); Tex. R. Civ. P. 18A (outlining the standards and procedure applicable when a party seeks to recuse Texas state judges); *see also Hill v. Mississippi*, 427 F. App'x 317, 318 (5th Cir. 2011) (per curiam) (applying federal recusal statute to federal judge who previously had presided over prisoner's state proceedings in earlier position as a state judge). In any event, the Court detects no material difference in the substantive state and federal rules governing recusal in Texas. *Compare* 28 U.S.C. § 455, *with* Tex. R. Civ. P. 18b. Accordingly, the Court applies the applicable federal statute, § 455.

Under § 455, Plaintiff, as the party moving to recuse, bears "a heavy burden of proof" in showing the Court should recuse. *E.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). The statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)).

The U.S. Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098, 197 L. Ed. 2d 206 (2017). The Fifth Circuit has interpreted this mandate

to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974).

Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000). A court's own analysis must likewise "be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the facts and circumstances of the particular claim." *Id.*; *see also United States v. Bremers*, 195 F.3d 221, 226-27 (5th Cir. 1999) (finding that a "similar situation" presented in another case calling for the same district judge's recusal merited independent consideration). Fortuitous timing of a recusal motion—immediately following an unfavorable ruling, for example—warrants closer consideration of the movant's intent in seeking recusal. *See United States v. Vadner*, 160 F.3d 263, 264 (5th Cir. 1998) ("The most egregious delay—the closest thing to per se untimeliness—occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal.").

In the instant case, and as noted *supra*, Plaintiff asserts recusal is appropriate first because the Court withheld service of process pending review of the Amended Complaint under the *in forma pauperis* screening statute, 28 U.S.C. § 1915 (*see* Dkt. #18 at 3, 5, 13). Although Federal

Rule of Civil Procedure 4(m) prescribes service of process "within ninety days after the complaint is filed," it also permits a court to toll that period in certain circumstances. *See* Fed. R. Civ. P. 4(m). Relevant here, a court may withhold service where the plaintiff proceeds *in forma pauperis* pending the court's screening of the complaint for frivolousness under Section 1915. *See, e.g.*, *Shabazz*, 380 F. Supp. 2d at 799-800; *Coleman v. Colvin*, No. 3:16-cv-2608-D-BK, 2017 WL 2348812, at *1 (N.D. Tex. Apr. 13, 2017) ("Plaintiff's *pro se* complaint was referred to the United States magistrate judge for judicial screening. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening."); *cf. Osborne v. Texas*, No. A-13-CV-528-LY, 2013 WL 5556210, at *3 (W.D. Tex. Oct. 8, 2013) (noting courts have a "duty to screen for frivolousness" in certain cases and finding *sua sponte* examination of the merits of a plaintiff's case prior to service proper). Accordingly, Section 1915, as interpreted by courts within the Fifth Circuit, contemplates screening of complaints filed through Section 1915; no basis exists for recusal by virtue of the Court's withholding service pending such screening in this case.

Plaintiff also seemingly argues recusal is appropriate because the Court has presided over (and dismissed) another of Plaintiff's lawsuits filed in the Eastern District of Texas, namely *Balistreri-Amrhein v. Verilli et al.*, Eastern District of Texas Case No. 4:16-cv-112 ("*Amrhein EDTX I*") (*see* Dkt. #18 at 2). The U.S. Supreme Court has noted that generally, a movant must point to an "extrajudicial" source of bias in order to obtain recusal. *Liteky v. United States,* 510 U.S. 540, 544-45 (1994) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)). Further, "trial *rulings* have a judicial *expression* rather than a judicial *source*" such that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 545, 555. Trial rulings instead "are proper grounds for appeal, not for recusal." *Id.* at 555. Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current

proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (noting also that this applies to opinions manifested as "judicial remarks"). The Court dismissed Plaintiff's claims in *Amrhein EDTX I* on the basis of the law as it applied to the facts Plaintiff presented in that case. *See Amrhein EDTX I*, 4:16-cv-112, Dkt. #133. Other than this reference—"28 U.S.C. § 455(a)(b)et seq.Applies [sic] to Above Lawsuit 4:16-CV-00112-ALM-CAN"—Plaintiff provides no explanation about how the Court's rulings in the *Amrhein EDTX I* case have any bearing on the instant matter. *See Parker v. Bd. of Supervisors Univ. of La.-Lafayette*, 270 F. App'x 314, 316 (5th Cir. 2008) (per curiam) (finding district court did not abuse its discretion in denying recusal motion where movant "provided no other source of bias or prejudice against him personally, or against pro se litigants in general, other than the district court judge's dismissal of his previous case"). The Court's consideration and dismissal of Plaintiff's other case pending in the Eastern District of Texas does not provide any basis for recusal.

Plaintiff's third argument for recusal seemingly rests upon the Court's admonishment in the *Amrhein EDTX I* case that "Plaintiff has exhausted her options at the District Court level; any further relief must be sought before the Fifth Circuit. Plaintiff is warned against making further frivolous and/or meritless requests for reconsideration in this case." 4:16-cv-112, Dkt. #139 at 4. But this admonishment, like the Court's determination that Plaintiff's claims in *Amrhein EDTX I* should be dismissed, does not constitute an "extrajudicial" statement the proper target of a recusal motion and does not evince "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, 510 U.S. at 544-45, 555. Rather, the Court rendered such warning in light of "Plaintiff's litigation history [in other cases], considered alongside Plaintiff's filing behavior in [the *Amrhein EDTX I*] case[,]" specifically her repeated filings for

5

reconsideration after closure of the case. *See Amrhein EDTX I*, 4:16-cv-112, Dkt. #139 at 2-3. Such warning was appropriate under the circumstances. *See United States v. Fulton*, 469 F. App'x 322, 324 (5th Cir. 2012) (per curiam); *see also Amrhein v. Riechert*, No. 3:12-CV-03707-G-BK, 2013 WL 1155473, at *13-14 (N.D. Tex. Feb. 1, 2013), *report and recommendation adopted*, 2013 WL 1174571 (N.D. Tex. Mar. 21, 2013) (imposing broad pre-filing injunction on Plaintiff after considering her litigation history and filing behavior before the Northern District of Texas). The Court's warning to Plaintiff in the *Amrhein EDTX I* case provides no basis for recusal.

Plaintiff cites as a fourth reason for recusal the Court's dismissal of an unrelated civil action involving Defendant Texas Attorney General Kenneth Paxton: Plaintiff claims the Court "tossed Defendant Attorney General Paxton Security Fraud Suit Oct 7, 2016 making 'favors for friends'" (Dkt. #18 at 5). Plaintiff insinuates that the Court has a relationship with Defendant Paxton that creates an appearance of impropriety (or actual bias) but alleges no relation other than one the Court has as judge presiding over lawsuits in which Defendant Paxton is a named litigant. Further, and again, the Court's rulings—either in this matter or any other—do not themselves serve as a basis for recusal. *E.g.*, *Beemer v. Holder*, No. CV B-08-449, 2011 WL 13180172, at *4 (S.D. Tex. Aug. 19, 2011) (finding *pro se* plaintiff's allegations that the presiding judge's determinations in other cases formed a basis for the judge's recusal in the pending case "[ran] afoul of the settled rule that 'inferences drawn from prior judicial determinations are insufficient grounds for recusal'"). The Court finds no basis for recusal in this matter.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Recuse & Mandatory Disqualifications of Judges Amos Mazzant III & Magistrate Christine Nowak for Timely "Good Cause Reasons" & to Stay this Lawsuit (Dkt. #18) is hereby **DENIED**.

**IT IS SO ORDERED**.
SIGNED this 6th day of September, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE