# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DARLENE C. AMRHEIN | § | |
| | § | Civil Action No. 4:16-CV-223 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 23, 2017, the report of the Magistrate Judge (Dkt. #12) was entered containing proposed findings of fact and recommendations that Plaintiff Darlene C. Amrhein's First Amended Petition/ Pleadings from Original Petition with Stated Claims, Elements, Case Law & Specific Details as the Court Ordered & Pleads for Relief ("Amended Complaint") (Dkt. #11) be dismissed. Having received the report of the Magistrate Judge (Dkt. #12), having considered each of Plaintiff's objections (Dkt. #17), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #12) as the findings and conclusions of the Court.

## BACKGROUND

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety (*see* Dkt. #12). Accordingly, the Court sets forth herein only those facts pertinent to Plaintiff's objections.

Plaintiff filed this lawsuit on March 31, 2016, and contemporaneously filed a Motion for Leave to Proceed *In Forma Pauperis* (Dkt. #4). The Court provisionally granted the Motion and ordered Plaintiff to file an amended complaint setting forth "(1) [t]he basis for this Court's

jurisdiction over this litigation; (2) [e]ach claim/cause of action Plaintiff alleges or intends to allege[,] . . . specifically identify[ing] which claims/causes of action are asserted against which Defendants in this litigation; [and] (3) [t]he specific factual allegations regarding each Defendant for each claim asserted" (Dkt. #6). Plaintiff thereafter filed the Amended Complaint (the live pleading in this matter) on November 15, 2016 (Dkt. #11), naming over 160 defendants, including Plaintiff's previous employer, certain insurance providers, various attorneys, judges, and judicial staff, and numerous governmental entities and agents.

Plaintiff's claims stem from disputes between Plaintiff and her prior employer, La Madeleine, Inc. Plaintiff alleges La Madeleine and its employees mistreated her at work, caused her to suffer on-the-job injuries, and subsequently refused to pay for certain medical procedures Plaintiff attempted to claim under her employee insurance plan, among other things (*see, e.g.*, Dkt. #11 at 1, 6-7, 11-13, 20, 29 (asserting claims against La Madeleine, Inc., other employees who worked with Plaintiff, and other entities allegedly associated with La Madeleine, Inc.)). Plaintiff raises claims related to the purported denial of insurance against certain insurance companies and their agents, as well as against certain physicians. Plaintiff asserts each of these persons and entities worked to deprive her of insurance benefits guaranteed through her employer (*see, e.g.*, Dkt. #11 at 1-3, 6-7, 11-13). Additionally, Plaintiff makes various allegations against lawyers, judges, and court staff associated with the 1996 state court litigation she initiated on these same claims and prosecuted unsuccessfully (through numerous appeals) for years (*see* Dkt. #11, Exhibits 18-24, 26-34,37-38). *See also, e.g.*, *Amrhein v. La Madeleine, Inc.* (*Amrhein State*), No. 06-12-00107-CV, 2013 WL 839227, at *1 (Tex. App.—Texarkana, Mar. 6, 2013, pet. denied) (the state court case and appeals thereon are hereinafter and collectively referred to as the "*Amrhein State* litigation").

In the *Amrhein State* litigation, Plaintiff "initially sued La Madeleine, Inc., for failing to provide a safe workplace, alleging primarily that she developed carpal tunnel syndrome from the repetitive motion of tossing or mixing salads over a period of less than five months." *Amrhein State*, 2013 WL 839227, at *1. After Plaintiff lost in the trial court (and following numerous appeals and remands), Plaintiff raised a vast number of issues on appeal related to what Plaintiff perceived as improper court procedure and treatment of her claims in the trial court (*see* Dkt. #12 at 3 (citing *Amrhein State*, 2013 WL 839227, at *1-2)). The state appeals court affirmed the trial court's dismissal of Plaintiff's claims, specifically noting Plaintiff's "incomprehensible" briefing could "accurately be described as a fifty-page denunciation of perceived slights by the legal system and [Plaintiff's] belief that because she has not prevailed, the system has treated her unfairly at every turn." *Amrhein State*, 2013 WL 839227, at *2. The Texas Supreme Court denied review on February 7, 2014. Prior to the Texas Supreme Court's denial through April 22, 2014, when the lower appeals court denied Plaintiff's final motion, Plaintiff repeatedly filed for reconsideration before both the lower appeals court and the Texas Supreme Court. *See* Case record in Texas Court of Appeals Case No. 06-12-00107-CV.

On August 16, 2011, while the *Amrhein State* litigation was ongoing, Plaintiff filed suit in the United States District Court for the Eastern District of Texas; the Court transferred Plaintiff's case to the Northern District of Texas on August 26, 2011. *See Amrhein v. La Madeleine, Inc.* (*Amrhein NDTX I*), No. 3:11-CV-02440-P, 2012 WL 12840376, (N.D. Tex. Dec. 21, 2012), *aff'd*, 589 F. App'x 258 (5th Cir. 2015) (per curiam) (the proceedings before the Northern District of Texas and subsequent appeal to the Fifth Circuit are hereinafter referred to as the "*Amrhein NDTX I* litigation"). In the *Amrhein NDTX I* litigation, Plaintiff's "employment dispute" at the center of her claims in the *Amrhein State* litigation "grew into allegations against all branches of government

for the State of Texas[,]" including various judges, their staff, legislators, and executive branch members. *Id.* at *1. Plaintiff also named various attorneys allegedly involved in the *Amrhein State* litigation as defendants in the *Amrhein NDTX I* litigation. *Id.* The Northern District dismissed Plaintiff's claims with prejudice, finding Plaintiff had failed to state a claim upon which relief could be granted. *See id.* at *3-4.

In the instant action, Plaintiff now raises for the third time all of the same claims she raised in the *Amrhein NDTX I* litigation, and has appended claims against every member of the judiciary remotely associated with the *Amrhein NDTX I* litigation, as well as their staff and any attorney representing other parties to that litigation (*see, e.g.*, Dkt. #11 at 1-4, 8-10). Further, Plaintiff attempts to raise claims against various members of Congress, the federal executive branch, and every justice of the United States Supreme Court (*see, e.g.*, Dkt. #11 at 9-10). Specifically, Plaintiff raises the same claims of conspiracies, frauds, and biased judges who worked with attorneys representing other parties (as well as many entities and members of the federal and Texas state governments) to deny her fair proceedings and to cause her damages as a result. These claims, which Texas state courts and the Northern District of Texas court have in large part already considered and dismissed, are now before the Court for screening pursuant to 28 U.S.C. § 1915(e) ("Section 1915"). For ease of reference, the Court adopts the Magistrate Judge's grouping of Defendants (more fully identified in the margin) into three primary sets, namely: (1) the Northern

District of Texas Defendants;[1] (2) the Related Defendants;[2] and (3) the Federal Lawsuit Defendants.[3] (To the extent the Court has inadvertently omitted any named defendant in the lists

---

[1] In the *Amrhein NDTX I* litigation, Plaintiff named the following entities and persons, alleging each was directly or indirectly involved in the employment-related matters or engaged in some misconduct or bias in adjudicating or litigating the underlying state actions: La Madeleine, Inc., State Bar of Texas; Governor Rick Perry, Texas Attorney General (then Gregg Abbott), Texas Secretary of State (then Hope Andrade), the Texas State Legislature, Dallas County, John F. Warren (County Clerk and Records), Dallas Texas Courts & Judges (specifically, County Court at Law No. 3, Judge Sally Montgomery, County Court at Law No. 1, Judge D'Metria Benson, and Judge Ted Akin, as well as "All Court[s] & Judges" in the George L. Allen Building), the Regional Administrative Court, Judge John Ovard, the County Court at Law Fifth District of Texas, the Supreme Court of Texas, Attorney Jerry Fazio, Owen & Fazio Law Firm, Attorney Brent Cornwell, Attorney Robert Clarkson, Judge Jack Pierce, Judge Russell Roden, Judge Robert Jenevein, Union Security Insurance Company, Michelle Falen, the Texas Department of Insurance, and the Texas Insurance Commissioner. These defendants are hereinafter and collectively referred to as "the Northern District of Texas Defendants." Plaintiff already pursued claims against each of these defendants in the *Amrhein NDTX I* litigation, wherein all defendants were dismissed.

[2] Plaintiff names the following entities and persons in the Amended Complaint, alleging each was directly or indirectly involved in the employment-related matters or engaged in some misconduct or bias in adjudicating or litigating the underlying state actions: La Madeleine of Texas, Inc., La Madeleine, de Corps, Inc., Groupe Le Duffe, Inc., Patrick Leon Esquerre (Founder, Owner, Advisor & Seller), Mr. John Corcoran (President/CEO), John Cahill (President), Duncan Davis (Vice President), Wallace B. Doolin (CEO), Fortis Benefits Insurance Company & Agents, Assurant Employee Benefits, Occupational Health (La Madeleine Company Healthcare Provider), Dr. John Touhey (Company Physician & Reporting Agent), Gwynn Carver, M.D. (Company Physician & Drug Testing), Mark S. Hutzel (La Madeleine Operations & Direct Manager), Karen Gentry (La Madeleine Employee & Supervisor), Sharon Crane (La Madeleine Employee & Long Term Disability Insurance), Steve Roos (La Madeleine Employee Corporate Office), "Other La Madeleine Employees Witnesses – Becky, Monique, Judith, Carlos, et al.," Essilor Vision Foundation, Esquerre Enterprises, Le Madeleine (Florida) Inc., La Madeleine Boca Raton, The Wine Gourmet, Inc., Holder Services, Inc., LMI Investment #1 Company LTD, Esquerre Property Company LTD, Attorney John Owen, Attorney Tracy Stoker, Dodge, Fazio, Anderson & Jones, Attorney Jason Kipness, Kipness Law Firm, Attorney S. Russell Headrick, Lathrop & Gage, LLP, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Attorney Erika M. Kane, Attorney Peter Harlan, Attorney Michael James Patterson, Attorney Cynthia Canfield Hamilton, Attorney Susan Farris, Law Offices of Gallerson & Yates, Vincent, Sarafino, Geary, Waddell & Jenevein, Attorney David R. Gibson, The Gibson Group, Judge Mark Greenberg, Attorney Michael R. Snipes (Retired Judge), Broden, Mickelsen, Helms, & Snipes LLP, Judge Bill F. Coker, Judge Tom Fuller, Judge Mary Murphy, Bailiff Gary Christensen, Dallas Sheriff's Department Lt. Dohmann, Dallas County Sheriff Department Lupe Valdez, Dallas County Internal Affairs/Bailiffs, Lt. B. Terrell Internal Affairs Dallas Sheriff's Department, Cheryl Duncan (Transcription Reporter), Cayse Coskey (Court Reporter), Richard Rhode (Court Reporter), Fawn Cave (Court Reporter), Denise Jay (Court Reporter), Veronica Hood, Aneesah Anderson, Court Chief Deputy Claudia McCoy, Court Clerk Lisa Matz, Fifth District Court of Appeals at Dallas, Justice Joseph Morris, Justice Mark Whittington, Justice Michael O'Neill, Justice Carolyn Wright, Justice Elizabeth Lang-Miers, Justice Martin Richter, Justice Douglas Lang, Justice Linda Thomas, Justice David Bridges, Justice Kerry P. Fitzgerald, Sixth District Court of Appeals at Texarkana, Justice Josh R. Morriss III, Justice Jack Carter, and Justice Bailey Moseley. These defendants are hereinafter and collectively referred to as "the Related Defendants." Plaintiff raises claims against each of these defendants related to the same underlying facts as were raised in *Amrhein NDTX I* and, as best the Court can tell, does so for the first time in the present case.

[3] Plaintiff also names the following entities and persons in the Amended Complaint, alleging that each was either directly or indirectly involved in and acting unlawfully with regard to the *Amrhein NDTX I* litigation: United States District Court for the Eastern District of Texas ("Judge Don Bush Venue Transfer 2011"), United States Northern District Court, Judge Jorge Solis, Magistrate Judge Renee Toliver, Judge A. Joe Fish, Clerk of Court Karen Mitchell (Northern District), Chief Judge Carl E. Stewart, Shelly Saltzman (Fifth Circuit), United States Court of Appeals Fifth Circuit, Judge Thomas Reavely, Judge Leslie H. Southwick, Judge James L. Dennis, Clerk of Court Lyle W. Cayce, United States Supreme Court & Justices; Justice Sonia Maria Sotomayor; Justice Stephen Gerald Breyer; Justice Samuel Anthony Alito, Jr.; Justice Elena Kagan; Justice Clarence Thomas; Justice Antonin Gregory Scalia (Deceased); Justice Anthony McLeod Kennedy; Justice Ruth Joan Bader Ginsburg; Chief Justice John G. Roberts;

included herein, the Court clarifies that this Memorandum Adopting Report and Recommendation of United States Magistrate Judge addresses *all* named defendants and *all* claims raised by Plaintiff in her Amended Complaint.)

The Magistrate Judge also noted and the Court reiterates here Plaintiff's prior litigation history: she has filed more than six suits before numerous Texas state and federal courts (including this one), and courts have dismissed each of these cases for frivolousness and/or for failure to comply with basic pleading or procedural requirements. *See, e.g.*, *Amrhein State*, 2013 WL 839227; *Amrhein NDTX I*, 2012 WL 12840376; *Balistreri v. Remax Realty*, No. 05-10-00611-CV, 2011 WL 149984, at *1 (Tex. App.—Dallas Jan. 19, 2011) (pet. denied); *Balistreri-Amrhein v. AHI*, No. 05-09-01377-CV, 2012 WL 3100775, at *1 (Tex. App.—Dallas July 6, 2011) (pet denied); *Amrhein-Macon v. Wood*, No. 2-05-158-CV, 2005 WL 1654762, at *1 (Tex. App.—Fort Worth July 14, 2005) (pet. denied); *Amrhein v. Riechert*, No. 3:12-CV-03707-G-BK, 2013 WL 1155473, at *13-14 (N.D. Tex. Feb. 1, 2013), *report and recommendation adopted*, No. 3:12-CV-3707-G BK, 2013 WL 1174571 (N.D. Tex. Mar. 21, 2013) (*Amrhein NDTX II*); *Balistreri-Amrhein v. Verrilli*, No. 4:16-CV-112, 2017 WL 726919, at *1 (E.D. Tex. Feb. 24, 2017). After reviewing these prior cases, the Court concurs with the Magistrate Judge's observation that, in each of these

---

Clerk Advisor Jacob C. Travers; Supreme Court Clerks Scott S. Harris and James Atkinson, United States of America; President Barack Hussein Obama, Vice President Joseph Biden, United States Solicitor General Donald B. Verilli, Jr., United States Attorney General Loretta Elizabeth Lynch, United States Department of Justice, U.S. Attorney's Office for the Northern District of Texas; John R. Parker (Northern District); Malcolm Bales (U.S. Attorney's Office); Federal Bureau of Investigation; FBI Director James B. Comey; United States Senate Judiciary Committee; Judiciary Senate Chairman Charles E. "Chuck" Grassley, United States House Judiciary Committee; Judiciary House Chairman Robert Bob Goodlatte; Ted Cruz (U.S. Senator and Senate Judicial Chairman), John Cornyn (U.S. Senator and Senate Judicial Committee); United States Senate (114th Congress), United States House (114th Congress); Administrative Office of United States Courts, Office of General Counsel, United States Attorneys Office (Malcolm Bales), Texas Office of Court Administration, Dan Patrick (Texas Lt. Governor), Texas Ethics Commission, Texas Workers Compensation Division, Robert Shipe & Richard F. Reynolds, Texas Senate; Texas Senate Members, City of Dallas, Mayor of Dallas Mike Rawlings, Dallas County Judge Clay Jenkins, Dallas City Hall, Dallas County District Attorney's Office (Susan Hawk), and Dallas City Council & Members. These defendants are hereinafter and collectively referred to as "the Federal Lawsuit Defendants." Plaintiff attempts to raise claims against each of these defendants that are in some manner related to the *Amrhein NDTX I* litigation.

cases, Plaintiff "has filed flurries of largely incomprehensible motions, letters, and other requests for relief both prior to and following the respective court's disposition of her claims" and that courts have previously admonished Plaintiff for such behavior (Dkt. #12 at 6). Indeed, as a result of Plaintiff's contumacious filing conduct in a case before the Northern District, the Northern District Court found entry of a broad pre-filing injunction appropriate:

> **Darlene Amrhein is prohibited from filing any new civil action in any United States district court** unless she first files a motion requesting leave of court to do so and attaches thereto copies of (1) her proposed complaint, (2) the magistrate judge's findings, conclusions and recommendation in this case, (3) this court's order accepting the findings, conclusions and recommendation of the United States Magistrate Judge, and (4) the judgment in this case.

*Amrhein NDTX II*, 2013 WL 1155473, at *13-14; *report and recommendation adopted*, No. 3:12-CV-3707-G BK, 2013 WL 1174571 (N.D. Tex. Mar. 21, 2013) (hereinafter the "Pre-Filing Injunction"). This Court has also recently examined Plaintiff's prolific filing history and Plaintiff's continued failure to comply with the Northern District of Texas Pre-Filing Injunction. *See Balistreri-Amrhein*, No. 4:16-cv-112, 2017 WL 726919, at *5-6 (E.D. Tex. Feb. 24, 2017) (hereinafter "*Amrhein EDTX I*").

Following review of Plaintiff's litigation history and screening the instant claims under Section 1915, the Magistrate Judge entered a report and recommendation on June 23, 2017 (Dkt. #12), recommending Plaintiff's claims be dismissed with prejudice. On July 21, 2017, Plaintiff filed Plaintiff's 108 Objections & Points of Error for "Good Cause" Reasons to Deny June 23, 2017 Report & Recommendations to Dismiss this Lawsuit (Dkt. #17).

## OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). As a

threshold matter, the Court notes Plaintiff's objections (more than twenty pages in excess of the Court's eight-page limit) seemingly take issue with the entirety of the Magistrate Judge's findings and recommendations. Moreover, a number of Plaintiff's objections are duplicative of one another and repetitive of the allegations in the Amended Complaint. After reviewing Plaintiff's filing under the relaxed pleading standard afforded *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court discerns that Plaintiff objects specifically to the Magistrate Judge's use of Section 1915: (a) to screen the Amended Complaint and recommend dismissal with prejudice of Plaintiff's claims without ordering service of process; (b) to find that Plaintiff's claims against the Northern District of Texas Defendants and Related Defendants should be dismissed with prejudice; and (c) to find that Plaintiff's claims against the Federal Lawsuit Defendants should be dismissed with prejudice (*see, e.g.*, Dkt. #17 at 2, 5, 7, 30).

Plaintiff primarily objects to the Magistrate Judge's use of Section 1915 to screen the Amended Complaint because: (a) Plaintiff is not a prisoner; and (b) Plaintiff believes the Court must "send summons for an indigent person for free" (Dkt. #17 at 2, 5). Plaintiff further contends that the Magistrate Judge erred in recommending Plaintiff's claims against each of the groups of Defendants be dismissed with prejudice (*e.g.*, Dkt. #17 at 5, 7-14).

### A. *Application of Section 1915*

District courts have authority under Section 1915 to dismiss a complaint *sua sponte* where the complaint "[1] is frivolous or malicious; [2] fails to state a claim on which relief may be granted; or [3] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Kenechukwu v. Holder*, No. 9:15-CV-62, 2016 WL 3961714, at *1-2 (E.D. Tex. June 10, 2016), *report and recommendation adopted*, 2016 WL 3926576 (E.D. Tex. July 21, 2016). A court may

8

dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Siglar*, 112 F.3d at 193; *see Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in *in forma pauperis* complaints). Although courts construe *pro se* filings liberally in this context, *see, e.g.*, *Flanagan v. LaGrone*, No. 9:16-CV-59-MHS, 2016 WL 4163557, at *1 (E.D. Tex. July 6, 2016), *report and recommendation adopted*, 2016 WL 4140751 (E.D. Tex. Aug. 3, 2016), dismissal is appropriate where the claims have no chance of success, *cf. Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where *pro se* plaintiff's claim "[was] based upon an indisputably meritless legal theory").

Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Kenechukwu*, 2016 WL 3961714, at *1-2 (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) (applying Section 1915 to non-prisoner *pro se* litigant)); *see, e.g.*, *Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner *pro se* litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *Walters v. Scott*, No. H–14–1637, 2014 WL 5878494, at *1 (S.D. Tex. Nov. 11, 2014) ("Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases."); *Sanchez v. Waguespack*, No. 09-6130, 2010 WL 1727836, at *2 (E.D. La. Mar. 31, 2010) (same); *Hamilton v. Landmark of Richardson*, No. 3–02–CV–2681–K, 2003 WL 131722, at *1 n.1 (N.D. Tex. Jan. 8, 2003) (same); *Haqq v. Tex. Dep't of Hum. Servs.*, No. EP-07-CA-0156-FM, 2007 WL 1958611, at *1 (W.D. Tex. June 29, 2007) ("Section 1915(e)(2)(B) applies to both prisoner and non-prisoner

*in forma pauperis* cases."); *cf. Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997) (interpreting Section 1915 and determining sections using either or both nouns "persons" and "prisoners" applied to non-prisoners and prisoners, while sections using only noun "prisoner" applied only to prisoners); 28 U.S.C. § 1915(e)(1)-(2) (using the term "person," not "prisoner"). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike. *See Amrhein EDTX I*, 2017 WL 726919, at *3-4 (considering the same objection by Plaintiff in another case before the Court).

Further, courts appropriately dismiss claims with prejudice under Section 1915(e)(2)(B) in certain circumstances. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 802 (N.D. Tex. 2005) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), and *Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc)). The Fifth Circuit has held that when presented with one of the following situations, a court may dismiss an *in forma pauperis* complaint with prejudice: "(1) 'complaints containing claims which, on their face, were subject to an obvious meritorious defense'; (2) when the plaintiff had been 'given an opportunity to expound on the factual allegations' through a questionnaire or hearing and still 'could not assert a claim with an arguable factual basis'; and (3) 'claims without an arguable basis in law.'" *Shabazz*, 380 F. Supp. 2d at 802-03 (noting this includes "'dismissals as frivolous or malicious' under the IFP screening statute[,]"citing *Marts*, 117 F.3d at 1505, and *United States v. Coscarelli*, 149 F.3d 342, 343 (5th Cir. 1998)). Further, the Fifth Circuit has interpreted the U.S. Supreme Court's decision in *Denton* as follows:

> The rule that the *in limine* dismissals of actions by the district court generally are to be with prejudice particularly fits dismissals under the former 28 U.S.C. § 1915(d), now a part of 28 U.S.C. § 1915(e)(2). Dismissals under the *in forma pauperis* statute are in a class of their own, acting not as dismissals on the merits but, rather, as denials of in *forma pauperis* status. Typically, but not exclusively, such dismissals may serve as *res judicata* for subsequent *in forma pauperis* filings, but they effect no prejudice to the subsequent filing of a fee-paid complaint making the same allegations. Exceptions included complaints containing claims which, on

their face, were subject to an obvious meritorious defense, or instances in which the
plaintiff was given an opportunity to expound on the factual allegations by a *Watson*
questionnaire or a *Spears* hearing and could not assert a claim with an arguable
factual basis, or claims without an arguable basis in law.

On en banc reconsideration, considering the distinct features of such *in forma
pauperis* proceedings, we now hold that dismissals as frivolous or malicious should
be deemed to be dismissals with prejudice unless the district court specifically
dismisses without prejudice. . . .

*Marts*, 117 F.3d at 1505-06 (interpreting *Denton*) (footnotes omitted). In light of the Fifth Circuit's clear instruction in *Marts*, the Court finds the Magistrate Judge's recommendations to dismiss with prejudice appropriate.

Plaintiff's objection that the Court improperly withheld service in this matter until completion of screening under Section 1915 also lacks merit. Although Federal Rule of Civil Procedure 4(m) prescribes service of process "within ninety days after the complaint is filed," it also permits a court to toll that period in certain circumstances. *See* Fed. R. Civ. P. 4(m). Relevant here, a court may withhold service where the plaintiff proceeds *in forma pauperis* pending the court's screening of the complaint for frivolousness under Section 1915. *See, e.g.*, *Shabazz*, 380 F. Supp. 2d at 799-800; *Coleman v. Colvin*, No. 3:16-cv-2608-D-BK, 2017 WL 2348812, at *1 (N.D. Tex. Apr. 13, 2017) ("Plaintiff's *pro se* complaint was referred to the United States magistrate judge for judicial screening. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening."); *cf. Osborne v. Texas*, No. A-13-CV-528-LY, 2013 WL 5556210, at *3 (W.D. Tex. Oct. 8, 2013) (noting courts have a "duty to screen for frivolousness" in certain cases and finding *sua sponte* examination of the merits of a plaintiff's case prior to service proper).[4]

---

[4] The Court addresses this same issue its previous Order (Dkt. #19) disposing of Plaintiff's Motion to Recuse & Mandatory Disqualifications of Judges Amos Mazzant III & Magistrate Christine Nowak for Timely "Good Cause Reasons" & to Stay this Lawsuit (Dkt. #18).

### B. Dismissal of Claims against Northern District of Texas and Related Defendants as Frivolous

The Magistrate Judge found that: (1) "Plaintiff raises the same or substantially similar claims against [the Northern District of Texas and Related Defendants] as Plaintiff raised in the *Amrhein NDTX I* litigation;" and (2) any "new factual allegations/claims are the same clearly baseless types of claims that were dismissed for failure to state a claim in the Northern District" (Dkt. #12 at 13-15). Accordingly, the Magistrate Judge recommended that "each and every one of the claims asserted by Plaintiff against the Northern District of Texas Defendants and the Related Defendants must be dismissed . . . as frivolous and malicious for duplicating her previously dismissed claims" (Dkt. #12 at 13-14). The Court agrees.

Cases "duplicative of a pending or previous lawsuit" are malicious. *Potts v. Texas*, 354 F. App'x 71 (5th Cir. 2009) (per curiam) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) and *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also McBarron v. Fed. Bureau of Prisons*, 332 F. App'x 961, 963-64 (5th Cir. 2009) (per curiam) ("The majority of . . . claims involved the same general series of events, facts, and conditions that were at issue in an earlier . . . proceeding[] and therefore constituted '[r]epetitious litigation of virtually identical causes of action' that were properly dismissed as malicious."). This is so even where the plaintiff "raise[s] new claims," so long as those claims "grow out of the same allegations" as were presented in the prior or pending suit(s). *Id.*; *see also Potts v. Texas*, No. 1:07-CV-632, 2008 WL 4525007, at *3 (E.D. Tex. Sept. 26, 2008) (finding the addition of new defendants and claims did not merit consideration where "the new factual allegations are the same 'clearly baseless,' 'fanciful,' . . . types of claims that were dismissed as frivolous in [plaintiff's previous cases]"). A court may dismiss a case either as malicious or as frivolous for being duplicative. *See Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately

dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.'" (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989))); *see also Yarborough v. Sheriff, Tarrant Cty.*, Civil Action No. 4:11-cv-207-Y, 2011 WL 4736302, at *1-2 (N.D. Tex, Oct. 5, 2011) (Claims presented that "are duplicative of claims already asserted and dismissed in [a] previous case . . . may be dismissed as frivolous or malicious[,]" or, "[a]lternatively, [because they] are . . . barred by the doctrine of *res judicata*[.]").

Here, Plaintiff's claims and allegations against the Northern District of Texas Defendants and the Related Defendants duplicate the claims Plaintiff previously raised (and the Northern District previously dismissed with prejudice) in the *Amrhein NDTX I* litigation. The *Amrhein NDTX I* litigation revolved around Plaintiff's earlier claims before Texas state courts against her prior employer, La Madeleine, Inc., for alleged workplace wrongs. 2012 WL 12840376. After Plaintiff unsuccessfully litigated against her employer for "over fourteen years" in the state courts, her initial claims against her employer "grew into allegations against all branches of government for the State of Texas" and members of the state judiciary. *Id.* Plaintiff perceived those entities had wronged her throughout the state litigation, and attempted before the Northern District to raise new claims against them. *Id.* To that end, Plaintiff submitted "200 pages of pleadings and supplementary filings" wherein she "vent[ed] general frustration toward the legal process in state court and then—defendant-by-defendant—list[ed] all causes of action she pursue[d] against each entity"; the Northern District found this "litany of claims" did not meet federal pleadings standards and accordingly dismissed Plaintiff's claims with prejudice. *Id.* In the instant case, Plaintiff operates in the same manner—submitting voluminous, rambling briefing listing various statutes

and causes of action[5]—and attempts again to state the same claims on the same allegations as she raised before the Northern District. *Compare Amrhein NDTX I*, Northern District of Texas Case No. 3:11-cv-2440, Dkt. #1, *with* Eastern District of Texas Case No. 4:16-cv-223, Dkt. #12. Plaintiff raises only the same "clearly baseless . . . types of claims that were dismissed as frivolous" in the *Amrhein NDTX I* litigation. *See Potts*, 2008 WL 4525007, at *3. The Court overrules Plaintiff's objection.

### C. *Dismissal of Claims against Federal Lawsuit Defendants as Frivolous*

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Newsome*, 301 F.3d at 231-32 (finding dismissal of *pro se* litigant's APA claim appropriate under Section 1915 because APA accorded litigant no right to sue EEOC given that EEOC had engaged in no final agency action); *see, e.g.*, *Neitzke*, 490 U.S. at 327-28 ("Examples . . . [include] claims against which it is clear that the defendants are immune from suit, . . . ."); *Billbrew v. Johnson*, 239 F. App'x 49, 50 (5th Cir. 2007) (per curiam) (affirming dismissal claim of deliberate medical indifference under Section 1915 because "wholly conclusional").

Likewise, claims lack an arguable basis in fact where based upon an "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (Section 1915 "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless."); *Denton*, 504 U.S. at 32-33 ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional[.]'"). Though an

---

[5] The Magistrate Judge noted and the Court observes that "Plaintiff purports to claim recovery through at least thirty different statutes and causes of action . . . [but] asserts no facts in connection with such [authorities]. In most instances she merely lists or includes citations to these statutes and/or causes of action in the body of the Amended Complaint" (Dkt. #12 at 15 n.5).

"initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighed in favor of the plaintiff[,]" a court should consider "judicially noticeable facts" in determining whether the allegations have any basis in fact. *Denton*, 504 U.S. at 32. Indeed, a complaint merits dismissal under Section 1915 where it "appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Newsome*, 301 F.3d at 231 (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999)).

In the present case, the Magistrate Judge considered each of Plaintiff's allegations with regard to each of the groups of Federal Lawsuit Defendants[6] and found that each should be dismissed pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted (Dkt. #12 at 16-21). In so finding, the Magistrate Judge determined that immunity barred Plaintiff's claims against each group of the Federal Lawsuit Defendants (*see* Dkt. #12 at 16-18 (finding judicial immunity absolutely bars Plaintiff's claims against the Defendant Judges and Courts), Dkt. #12 at 19 (finding immunity accorded judicial staff when executing court orders or matters of judicial discretion applied to bar Plaintiff's claims against Defendant Court Staff and Clerks), Dkt. #12 at 19-21 (finding the Defendant Attorneys and Law Firms are immune to Plaintiff's claims), Dkt. #12 at 21 (finding Plaintiff's allegations against the Government Defendants conclusory and without any basis in law)). After conducting a de novo review of the Amended Complaint, the Court finds Plaintiff's claims against each of the Federal Lawsuit Defendants should be dismissed with prejudice. Plaintiff's claims against the Defendant Judges and Courts clearly are barred by immunity given that neither the allegations (nor the objections) demonstrate that any of the Defendant Judges and Courts "acted in the 'clear absence of all

---

[6] The Magistrate Judge defines the following groups of Federal Lawsuit Defendants: (1) Defendant Judges and Courts, (2) Defendant Court Staff and Clerks, (3) Defendant Attorneys and Law Firms, and (4) Government Defendants (Dkt. #12 at 16).

jurisdiction'" in any of the relevant proceedings. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Plaintiff's claims against the Defendant Court Staff and Clerks are clearly barred by immunity, as well, because neither the allegations nor the objections show that any of the Defendant Court Staff and Clerks acted other than as they were "specifically required to do under court order or at a judge's discretion." *See, e.g.*, *Clay v. Allen*, 242 F.3d 679, 682 (5th Circ. 2001) (per curiam) (citing *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)). Likewise, each of the Defendant Attorneys and Law Firms—none of whom represented Plaintiff in any of the relevant proceedings—has absolute immunity to Plaintiff's claims expounded in the Amended Complaint, which alleges only "conduct [that] was 'the kind of conduct in which an attorney engages when discharging . . . duties to [a] client.'" *See, e.g.*, *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346-49 (5th Cir. 2016). Finally, with regard to the Government Defendants, it "appears that no relief could be granted under any set of facts that could be proven consistent with the allegations[,]" *Newsome*, 301 F.3d at 231. Plaintiff asserts only that the Government Defendants have failed to assist, explain, remedy, or otherwise respond to complaints Plaintiff has "Reported & Disclosed" to them (*e.g.*, Dkt. #11 at 11). Plaintiff's complaints against the Government Defendants accordingly lack an arguable basis in law. The Court finds Plaintiff's claims against each and every of the Federal Lawsuit Defendants should be dismissed with prejudice. Accordingly, the Court overrules Plaintiff's objection.

## CONCLUSION

Having considered each of Plaintiff's objections (Dkt. #17) and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #12) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Plaintiff's First Amended Petition / Pleadings from Original Petition with Stated Claims, Elements, Case Law & Specific Details as the Court Ordered & Pleads for Relief (Dkt. #11) be **DISMISSED**, and that each and every of Plaintiff's claims be **DISMISSED** with prejudice.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

SIGNED this 6th day of September, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE